**Bi Yun YUAN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** **Respondent.**

No. 03–4433–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Theodore N. Cox, Law Office of Theodore N. Cox (Jennifer B. Kim, on the brief), New York, New York, for Petitioner.

William W. Siler, Assistant United States Attorney (Lawrence J. Laurenzi, Acting United States Attorney, on the brief), Memphis, Tennessee, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Bi Yun Yuan, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision of the IJ and the BIA.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d

Cir.2005). When, as in this case, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

█ In this case, the agency's adverse credibility finding against Yuan is supported by substantial evidence. The IJ provided specific, cogent reasons for her adverse credibility finding based on clear inconsistencies in Yuan's testimony, including incoherent and confusing portions of her testimony, as well as inconsistencies between Yuan's testimony, Lin's asylum application, and Lin's affidavit. The IJ found Yuan's testimony to be contradictory, unclear and inconsistent, pointing to Yuan's conflicting testimony surrounding her flight from family planning officials, including questioning whether Yuan actually had fled from family planning officials in light of the photograph, dated 1991, submitted into evidence depicting her and her family at the time she claimed to be in hiding and when her husband had allegedly fled the country. Indeed, Yuan's attempts at the hearing to clarify the dates she was in hiding and the date her husband fled the country were confusing, and could not be reconciled with the dates listed in her asylum application and her husband's affidavit. The IJ also found that Lin's affidavit could not be given any weight because his asylum application did not contain the same set of facts set forth in Yuan's asylum application and his affidavit, because the affidavit had been prepared during the course of removal proceedings, and because he had not appeared at the hearing to make himself available for cross-examination. The BIA expounded on the inconsistency between Lin's asylum application and his affidavit, noting that Lin's failure to mention Yuan's alleged late-term abortion in his asylum ap-

plication is material and severely undermined Yuan's credibility.

The IJ found that the documents submitted by Yuan in support of her application "provided little to aid the court in its assessment of the respondent's claim of coercive family planning treatment." The IJ gave Yuan's notorial documents only minimal weight both because they failed to identify the source of information that they relied on and because they had been created after the commencement of Yuan's removal proceedings. These factors constitute substantial evidence to support the IJ's finding that Yuan is not credible.

█ Turning to Yuan's future persecution claim, the IJ found that Yuan had failed to present evidence that she would face persecution under the family planning policy if returned to China. Indeed, Yuan's claim of future persecution based on her pregnancy is moot, given that her son was born in December 1999, and Yuan offered no evidence to support her claim that either she or her husband would be sterilized if returned to China based on their alleged violation of the family planning policy with her second pregnancy. The claim seems particularly far-fetched given that the pregnancy ended in abortion. Additionally, this Court has held that fear of future persecution based on children born in the United States, without clear evidence in support of the claim, is not a basis for a well-founded fear of future persecution. *See Huang v. INS,* 421 F.3d 125 (2d Cir.2005). Because the IJ correctly made an adverse credibility finding and determined that Yuan had failed to show past persecution and a well-founded fear of future persecution, the IJ correctly denied her application. The IJ also correctly found that Yuan had not established that it was more likely than not that she would be tortured if returned to China,

and accordingly, correctly denied Yuan's application for relief under the CAT.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).